IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Chantell Willard, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:17-cv-00675-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Dollar General Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Defendant Dollar General Corporation's ("Defendant")[1] Motion to Dismiss, or Alternatively, to Stay Litigation and Compel Arbitration. (ECF No. 4.) Plaintiff Chantell Willard ("Plaintiff") does not object to having this matter referred to arbitration, but requests that the case not be dismissed, and that the action be stayed pending the arbitration of Plaintiff's claims. (ECF No. 7.) For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss without prejudice (ECF No. 4).

### I. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident and citizen of South Carolina. (ECF No. 1-1 at 5.) Defendant is incorporated in Tennessee with a principal place of business in Goodlettsville, Tennessee.[2] (ECF No. 1 at ¶ 7.) The amount in controversy in this matter exceeds $75,000.00. (ECF No. 1 at ¶ 10.) Plaintiff seeks an unlimited

---

[1] Defendant asserts that Dolgencorp, LLC, not Dollar General Corporation, was Plaintiff's employer, and therefore is the only proper Defendant in this case. (ECF No. 4 at 1 n.1.) In the event Plaintiff substitutes Dolgencorp, LLC for Dollar General Corporation in this matter, Dolgencorp, LLC adopts Defendant's Motion as its own. (*Id.*)

[2] Defendant asserts that it was not Plaintiff's employer. (ECF No. 1 at ¶ 7.) Plaintiff's actual employer, Dolgencorp, LLC, is organized in Kentucky, with its principal place of business in Goodlettsville, Tennessee. (*Id.*)

1

recovery "in excess of Twenty-five Thousand Dollars ($25,000), actual and punitive damages for legal fees and costs incurred in this action, and for such other further relief as the Court may deem just and proper." (*Id*.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was formerly employed by Dolgencorp, LLC, until her separation on October 30, 2015. (ECF No. 4 at 2.) On September 23, 2015, while Plaintiff was working for Defendant at its retail store, an armed robbery was committed. (ECF No. 1-1 at 5 ¶ 4.) As a result of Plaintiff's injuries, she filed a Workers' Compensation Claim. (ECF No. 1-1 at 6 ¶ 5.) Plaintiff was subsequently terminated. (*Id*. at ¶ 6.) On October 14, 2016, Plaintiff filed this action in the Court of Common Pleas for Lexington County, South Carolina, asserting claims for: (1) worker's compensation retaliation pursuant to S.C. CODE ANN. § 41-1-80 (1986); (2) wrongful termination of employment; and (3) breach of contract accompanied by a fraudulent act. (ECF No. 1-1 at 5-7.)

On November 17, 2014, Plaintiff entered into a valid and mutually-binding Dollar General Employee Arbitration Agreement ("Agreement') with Defendant, under which both parties agreed to arbitrate any claims or disputes relating to or arising out of Plaintiff's employment or termination of employment with Defendant. (ECF No. 4-1 at 2.) On October 17, 2014, Plaintiff logged into her employee account and viewed the Agreement. (*Id.* at 3.) Employees have the option of agreeing to the Agreement or opting out. (*Id*.) However, once logged in, Plaintiff was advised that she would be bound by the terms of the Agreement if she took no action within 30 days of viewing the Agreement. (*Id*.) This term is also stated specifically in the Agreement itself. (*Id*. at 4.) Over the next 30 days, Plaintiff continued to work for Defendant but took no further action regarding the Agreement. (*Id*.) Notably, Plaintiff did not exercise her opportunity to opt

out of the Agreement during the 30 days after accessing the Agreement on her employee account.

(*Id*.)

Therefore, pursuant to the terms of the Agreement, Plaintiff's acceptance of the Agreement was auto-submitted on November 17, 2014, at which time both parties became bound by its terms.[3]

(*Id*.) Regarding the parties' agreement to arbitrate, the Agreement states:

> You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement. You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement.
>
> ***
>
> The procedures in this Agreement will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General, whether brought by you or Dollar General. This includes, but is not limited to, claims alleging violations of wage and hour laws, state and federal laws prohibiting discrimination, harassment, and retaliation, claims for defamation or violation of confidentiality obligations, claims for wrongful termination, tort claims, and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being decided in arbitration, and those claims specifically excluded in the paragraph below.[4]

---

[3] The FAA does not require arbitration agreements to be signed by either party. *See, e.g., Goldberg v. C.B. Richard Ellis, Inc.*, No. 411-cv-02237-RBH, 2011 WL 6817908, at *3 (D.S.C. Dec. 28, 2011) ("the FAA does not require arbitration agreements to be signed"); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000) ("While a contract cannot bind parties to arbitrate disputes they have not agreed to arbitrate, it does not follow that under the Federal Arbitration Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision.") (internal quotations and alterations omitted).

[4] The excluded claims include claims for unemployment insurance benefits, workers' compensation benefits, whistleblower claims under the Sarbanes-Oxley Act, and claims for benefits under the Employee Retirement Income Security Act. (ECF No. 4-1.) Plaintiff does not assert any of the excluded claims in this litigation. (ECF No. 4 at 4 n.4.)

(*Id*. at 6-7.) Further, the Agreement expressly states that "workers' compensation discrimination and retaliation claims are Covered Claims." (*Id*. at 7.)

On March 10, 2017, Defendant removed the action to this court, indicating its intention to compel arbitration in Defendant's Answers to Local Civil Rule 26.01 Interrogatories. (ECF Nos. 1, 2.) On March 17, 2017, Defendant filed a Motion to Dismiss, or Alternatively, to Stay Litigation and Compel Arbitration, asserting that: (1) arbitration is favored and mandatory, and (2) Plaintiff must arbitrate her claims because they are covered by a valid and enforceable agreement. (ECF No. 4.)

On April 11, 2017, Plaintiff filed a Response to Defendant's Motion, asserting that she had no objection to have the matter referred to arbitration, but requested that the case not be dismissed, and that the action be stayed pending the arbitration of Plaintiff's claims. (ECF No. 7.) On April 17, 2017, Defendant filed a Reply to Plaintiff's response, asserting the case should be dismissed, not stayed, because there is "no dispute that all of Plaintiff's employment-related claims are encompassed by a valid and mutually-binding arbitration agreement." (ECF No. 9.)

### III. LEGAL STANDARD

"The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006),[5] governs the rights and responsibilities of the parties with respect to an arbitration agreement." *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342 (4th Cir. 2009). "Under the [FAA], a party may demand a stay of

---

[5] Specifically, section 2 of the FAA provides that agreements to arbitrate found in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1947). Section 3 of the FAA provides the means by which a party may seek a stay of pending litigation and a court order compelling arbitration. *See* 9 U.S.C. § 3 (1947). Under section 4 of the FAA, a party, in response to an opposing party's refusal to arbitrate under a contract, may "petition in any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in the agreement." 9 U.S.C. § 4 (1947).

federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted). The FAA reflects "a liberal federal policy favoring arbitration agreements . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "Pursuant to the liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25. To that end, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (citation omitted). Thus, the court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

Despite these policies favoring arbitration, federal courts have the authority to evaluate the validity of arbitration agreements. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). "If a party challenges the validity under [9 U.S.C.] § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under [9 U.S.C.] § 4." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). Moreover, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract . . . unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).

5

"A party can compel arbitration under the FAA if it establishes: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute that is enforceable under general principles of contract law; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of a party to arbitrate the dispute." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005); *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

## IV. ANALYSIS

Plaintiff does not dispute the fact that all of her claims are subject to arbitration. (ECF No. 7.) Indeed, in her Response, Plaintiff now concedes that arbitration of all her claims is proper. (*Id.*) Instead, Plaintiff only requests that the court stay this action rather than dismiss it, as Plaintiff's first cause of action seeks relief for wrongful discharge as a result of initiating a South Carolina Workers' Compensation Claim pursuant to S.C. CODE ANN. § 41-1-80 (1986). (*Id.*) Pursuant to that statute, Plaintiff contends that the statute of limitation is a "short one year period." (ECF No. 7.) However, there is ample authority which supports dismissing this case without prejudice because all of the claims asserted by Plaintiff are subject to arbitration.

Dismissal without prejudice is the proper remedy when all of the issues presented in a lawsuit are subject to arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of §3 [of the FAA], however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Greenville Hosp. Sys. v. Employee Welfare Ben. Plan for Employees of Hazelhurst Mgmt. Co.*, 628 F. App'x 842, 845-46 (4th Cir. 2015) (affirming dismissal and holding that when "a court determines, after

applying this presumption in favor of arbitration, that all of the issues presented are arbitrable, then it may dismiss the case, as the district court did here").

Where all claims pled by a plaintiff are subject to an arbitration agreement, the court should dismiss the claims rather than merely staying further judicial proceedings. *Cox v. Assisted Living Concepts, Inc.*, No. 6:13-00747-JMC, 2014 WL 1094394, at *7 (D.S.C. Mar. 18, 2014); *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 6:10-01219-JMC, 2012 WL 761737, at *5 (D.S.C. Mar. 8, 2012). Numerous courts in this district have similarly held that dismissal is the proper remedy when all claims asserted in a case fall within the scope of an arbitration agreement. *Thomas v. Santander Consumer USA Inc.*, No. 0:15-cv-04980-CMC-PJG, 2016 WL 5956279, at *4 (D.S.C. Oct. 14, 2016) ("Dismissal is appropriate when, as here, all claims fall within the scope of an enforceable arbitration provision"); *Patterson v. Asbury SC Lex, L.L.C.*, No. 6:16-1666-MGL, 2016 WL 7474377, at *4 (D.S.C. Dec. 29, 2016) (compelling arbitration and dismissing case where "only issue in Plaintiff's suit is arbitrable"); *Carmichael v. Hilton Head Island Dev. Co., LLC*, No. 9:16-cv-1641-PMD, 2016 WL 4527194, at *4 (D.S.C. Aug. 30, 2016) ("the proper course of action is to dismiss the case" when all claims are arbitrable); *St. Denis v. OneMain Fin., Inc.*, No. 8:12-cv-01669-TMC, 2012 WL 6061022, at *3 (D.S.C. Dec. 6, 2012) (dismissing action and compelling arbitration where plaintiff's sole § 41-1-80 workers' compensation retaliation claim was subject to arbitration); *St. Andrews Townhomes Homeowners' Ass'n, Inc. v. Beazer Homes USA, Inc.*, No. 4:09-cv-00382-TLW-TER, 2010 WL 985385, at *2 (D.S.C. Mar. 12, 2010) (dismissing action and compelling arbitration despite party's request for a stay instead of dismissal where requesting party acknowledged that all asserted claims were subject to arbitration).

Without providing any support, Plaintiff requests that the court stay this case because of the one-year statute of limitations applicable to her workers' compensation retaliation claim under

S.C. CODE ANN. § 41-1-80 (1986). (ECF No. 7.) However, a general request for litigation to be stayed, without providing any authority for a stay, is insufficient to avoid dismissal when all claims at issue in a case are arbitrable. *Cox*, 2014 WL 1094394, at *7 (dismissing complaint without prejudice where a plaintiff offered no authority as to why a stay would be more appropriate); *Fleetwood Transp. Cor.*, 2012 WL 761737, at *5 (same). Any procedural issues, such as the one-year statute of limitations that Plaintiff asserts, are a consequence of Plaintiff's own making, and therefore, do not have an impact on the disposition of the case. The parties' Agreement provides that arbitration is the exclusive means of resolving claims "relating to or arising out of your employment or termination of employment with Dollar General," and that both parties waive their "right to file a lawsuit in court." (ECF No. 4-1 at 7.) The Agreement then explained the correct procedure for commencing the arbitration process by filing a "Demand" with the "American Arbitration Association ("AAA")," what should be included in the Demand, and how to actually file the Demand with the AAA. (*Id*. at 7-8.) The court dismisses Plaintiff's Complaint without prejudice because all claims asserted therein are subject to an enforceable and mutually-binding arbitration agreement.

## V. CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant's Motion to Dismiss without prejudice (ECF No. 4).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 12, 2017
Columbia, South Carolina